In re Judith M. CARON, Debtor.

**FIRST CAROLINA FINANCIAL CORPORATION**

v.

**TRUSTEE OF ESTATE OF Judith M. CARON, Debtor.**

**Bankruptcy No. G84–20206.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

Nov. 24, 1984.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Before the Court is a "Motion for Entry of Consent Order" and a proposed consent order to direct the trustee to abandon property, in this situation a mobile home. The motion for consent order and consent order have been filed by the First Carolina Financial Corporation, an alleged secured creditor of the debtor, allegedly holding a valid and perfected first priority security interest in the amount of $19,000 on a 1983 Horton Mobile Home in the Chapter 7 bankruptcy estate. The proposed consent order is signed by the attorney for the movant creditor and the trustee · and also signed by the attorney for the debtor.

There are some procedural problems with the motion and order. The erroneous procedure proposed here by the movant is a recurring one despite the instructions of 11 U.S.C. § 554 and Bankruptcy Rule 6007.

First, the proposed order makes a finding that the movant has a valid security interest in debtor's personal property in "approximately" the amount of $19,000 and the property is to be abandoned to that lien holder. Besides being vague and imprecise, such a judicial finding of the proper lien holder and creditor entitled to possession is not allowed in an abandonment motion under Bankruptcy Rule 6007(b). The procedure under Rule 6007 does not permit a judicial determination of validity and extent of a lien which procedure is governed by Rule 7001(2) adversary proceeding pro-

cedure. Nor can abandonment procedure be used to determine legal posession of the abandoned property. Abandonment of property may not be made to a particular creditor.

■ Second, the "Motion for Entry of Consent Order" has not been served upon all creditors as required by Rule 6007.

Third, no motion been made to the Court for an order specifying a limited number of parties in interest to whom this motion to abandon should be served.

## NOTIFICATION TO PARTIES
## IN INTEREST

■ This motion is one illustration of the many filings in this Court of motions by secured creditors to require the trustee to abandon property where the proposed consent order shows the consent of both the debtor and the creditor and the motion for the proposed consent order is not served on anyone else. Thus, only the debtor, trustee and alleged secured creditor know about the abandonment. Such cooperative consent between the creditor, the debtor, and the trustee actually short circuits the required procedure of notifying "all creditors, indenture trustees and committees" and allowing such parties in interest sufficient time to file an objection as is required under Rule 6007(a), (b) and (c).[1] The fact that Subdivision (b) of the rule permits a creditor to file a motion[2] for abandonment does not cancel the notifica-

tion requirement specified in Subdivision (a). Even where the trustee determines that the property is of inconsequential value or burdensome to the estate, the trustee is required under Subdivision (a) to give notice of the proposed abandonment to all creditors. Although the Advisory Committee Notes on Subdivision (b) states that "The rule specifies that the request be by motion and, pursuant to the Code, *lists the parties who should receive notice*" (emphasis supplied), the only reference in the rule to specifying persons who should receive the Rule 6007(b) motion is in Subdivisions (a) and (c).

■ Here both the trustee and the debtor agreed in advance to the motion of the party in interest for abandonment. Does that mean that no other parties in interest need be given notice of this Motion for Abandonment? This Court answers in the negative. The Court holds that the consent of the creditor, the trustee and the debtor together in the motion cannot be used to circumvent the notification to all creditors as provided in the rule. A Rule 6007(b) motion by a party in interest agreed to by the trustee (and the debtor) is the equivalent of the trustee making a motion under Subdivision (a) of Rule 6007 to abandon the property. Subdivision (a) specifically requires notice to all parties in interest. Subdivision (c) gives the judge discretion upon a proper separate motion in respect to a Subdivision (b) motion to limit and designate which parties in interest

---

1. Rule 6007: Abandonment or Disposition of Property
   (a) NOTICE OF PROPOSED ABANDONMENT OR DISPOSITION; OBJECTIONS. Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to all creditors, indenture trustees and committees appointed or elected pursuant to the Code. An objection may be filed and served by a party in interest within 15 days of the mailing of the notice, or within the time fixed by the court.
   (b) MOTION BY PARTY IN INTEREST. A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate.
   (c) HEARING. If a timely objection is made as prescribed by subdivision (b), the

court shall set a hearing on notice to the persons as the court may direct.

2. The Court recognizes that the creditor-attorney's willingness to prepare a motion to abandon property, where the trustee and debtor consent, rests on the desire of the creditor to have the property relieved of the stay and the property abandoned and possibly surrendered to it for repossession and subsequent resale. It should be noted that an effective abandonment alone, without a prayer and showing for termination of the debtor stay, will terminate only the stay as to the Title 11 U.S.C. estate's interest in the property. *Norton Bankruptcy Law and Practice,* Vol. 2, Part 39; and Vol. 5, Forms; and Vol. 6, Editors' Comments at Rule 6007.

shall receive notification of the motion. There is no less reason that all parties in interest should receive notification of the Rule 6007(b) motion of a party in interest to require the trustee to abandon property than there is for all parties in interest to receive notification of the Rule 6007(a) notice of the trustee to abandon property. The purpose of the notification to parties in interest is to provide an opportunity for any potential opposition to the abandonment of such property to file objections and be heard by the Court. Subdivisions (a), (b) and (c) of Rule 6007 seem to assume that a party in interest out there somewhere may argue that the property is not of inconsequential value or burdensome to the estate, although the trustee and the debtor may have agreed to that conclusion by endorsing the motion of a creditor to abandon. Those hypothetical parties in interest must have an opportunity to object and be heard. Hence, a reading of Subdivisions (a), (b), and (c) of Bankruptcy Rule 6007 persuades this Court that a motion by a party in interest to require the trustee to abandon property requires notification to all parties in interest or to such parties in interest that the Court may direct.

■ There is a fundamental distinction between Subsection (a) of 554, implemented by Rule 6007(a), and Subsection (b) of 554, implemented by Rule 6007(b). Subdivision (a) involves a conclusion of fact by the trustee that the property has no realizable value to the estate. Thus, the notice procedure of Rule 6007(a) presumes and contemplates that there will be no opposition to require judicial consideration. Only if a timely objection is filed within the period provided in the *Notice* will a hearing be held and judicial consideration be applied to the issue raised in the objection. An analy-

sis of the rules package reveals that the trustee *Notice* procedure of Rule 6007(a) initiates a non-judicial proceeding. This non-judicial proceeding, which perhaps should be called an administrative proceeding, continues as such to consummation of the proposed sale unless an objection is timely filed.[3]

While neither the rules package nor the Advisory Committee Notes to the August 1, 1983 Bankruptcy Rules explain the philosophy or policy of the procedures established by the several rules, an analysis of the package reveals that there are two fundamental different classifications of proceedings within a Title 11 case. We know that everything which occurs in a Title 11 case is a proceeding. See Senate Report and House Report quoted in the Annual Survey of Bankruptcy Law 1984, P. 5.

One class of proceeding is judicial proceedings. There are several kinds of judicial proceedings headed by: i.e. (1) adversary proceeding [3a], commenced by a complaint, (2) application proceedings [3b], commenced by an application, and (3) contested matter proceedings [3c], commenced by a motion.

■ The other fundamental class of proceedings are non-judicial in character and perhaps should be termed "administrative proceedings". These proceedings are designed to permit consummation of a request for action without the need for judicial participation. The objective is to relieve the Bankruptcy Judge from any role in certain disputed proceedings which require no judicial action. Illustrations of administrative proceedings are a proof of claim and a claim of exemption which is prima facie correct and deemed allowed

---

**3.** Norton Bankruptcy Law & Practice, Part 39, Abandonment, Editor's Comment at Rule 6007, Vol. 6; and Forms, Vol. 5; See also Annual Survey of Bankruptcy Law 1984, pp. 1–13.

**3a.** Ten types of proceedings described in Rule 7001.

**3b.** Eight kinds of proceedings described in eight different Rules allowing the proceeding to be

commenced by an application. Norton BL & P Vol. 6, Rule 9013, Editors' Comment P 705–707; Annual Survey of Bkcy Law 1984, P 7–13.

**3c.** All other judicial proceedings, each of which is described by an individual rule as allowed to be brought by motion. Norton BL & P, Vol. 6, Rule 9014 Editors Comment, P 712–714; Annual Survey of Bkcy Law 1984, P 7–13.

administratively unless an objection is filed, and a Rule 6004 sale or lease of property, and a Rule 6007(a) abandonment. Administrative proceedings are intended automatically to be approved as requested in the absence of an objection. Only if an objection is timely filed will the administrative proceeding be transformed into a judicial proceeding whereupon a hearing will be scheduled and an order entered by the judge. In the absence of an objection, the action prayed for or requested is automatically authorized. There is no dispute; there is no issue for judicial consideration and determination; there is no occasion for judicial intervention or action. The entry of an order in the absence of an objection is to interject the judge as a volunteer or interloper into a non-judicial proceeding where the policy of the Bankruptcy Reform Act and the intention of the rule makers combine to remove the Bankruptcy Judge from non-disputed administrative proceedings.

■■■ On the other hand, Subdivision (b) of Rule 6007 contemplates that there may be opposition to the motion of the party in interest, either by the trustee or other competing party in interest. The recognition is that the allegations of inconsequential value or burdensome to the estate have not had the independent, fiduciary judgment of the trustee. Thus, the motion commences a contested matter proceeding under Rule 9014 which is a judicial proceeding requiring a judicial order. In both procedures of Subdivisions (a) and (b), the notification to parties in interest and opportunity to object and be heard by the Court must be provided in the notice and motion, but no hearing is expected or appropriate unless a timely objection is filed.[4] A hearing is expected, but required only in the event an objection is timely filed to the Rule 6007(b) motion to require the trustee to abandon. The proce-

dure of Rule 6007(a) recognizes and implements the policy of the Bankruptcy Code and Bankruptcy Reform Act of 1978 to remove the Bankruptcy Judge from non-disputes.

### LOCAL RULES

■■■ Reliance on Local Rule No. 3 of the Bankruptcy Court of this District that allows an abandonment proceeding by trustee or other party in interest to be initiated by an "application", and indicates allowance of abandonment *to* a movant creditor and outlines procedure for a judicial order following consent by debtor and trustee and a creditor is inappropriate. The Bankruptcy Rules of 1983 have been effective since August 1, 1983 and local rules may not be in conflict or inconsistent with the national rules.[5] Local Rule No. 3 being inconsistent with Rule 6007, the Local Rule No. 3 is VOID. The revision or elimination of the local rule is required in the light of the Bankruptcy Rules of August 1, 1983. The Local Rule No. 2 also is defective as an "application" because Bankruptcy Rule 6007(b) requires a "motion". Local Rule No. 2 is also defective insofar as it indicates the property abandoned may be abandoned, i.e.: turned over *to* a moving creditor. While the Senate Report to § 554 (SRep. No. 95–989, 95th Congl, 2d Sess 92 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787) indicates the abandoned property may be *to* a particular creditor, such notion conflicts with the limited purpose of § 554 and the requirement of Rule 7001(2) that requires adversary proceeding procedure, i.e.: plaintiff's complaint and defendant's answer, to determine the validity, extent and priority of a lien. Section 554 abandonment procedure is not intended to determine issues of ownership and possession of property.[6] Thus, the procedure of § 554 and Rule 6007 cannot be used to

---

**4.** *Id.* *See also* Advisory Committee Note to Rule 6007 at Subdivision (a) reference Code Section 102(1), i.e.: "Code's intent to remove the Bankruptcy Judge from undisputed matters."

**5.** *Frank v. Arnold* (*In re Morrissey*), 717 F.2d 100, 10 BCD 398 (CA 3, 1983).

**6.** *Norton Ibid.*, footnote 3. The opinion of the Supreme Court in *Ohio v. Kovak,* —— U.S. ——, 105 S.Ct. 705, 83 L.Ed.2d 649, 12 BCD 541 (1985), which seems to endorse the erroneous statement in the Senate Report is unfortunate.

effect turnover, recovery or legal title or possession to any particular creditor. The finding in § 554 and Rule 6007 is only that the property in question has no realizable equity for the Title 11 estate and should be abandoned from the estate. It is abandoned to the debtor and his non-bankruptcy estate and creditors as their interests may be under state law. Of course, the debtor after trustee abandonment may surrender property to any party. That party may then use whatever legal procedure may be available under state law to obtain legal possession.

## APPLICATION TO LIMIT SERVICE OF THE MOTION TO ABANDON PROPERTY

■ Any "motion" [7] to limit the service of notice specified in subdivision (a) of Rule 6007 to all creditors, et al, and for the Court to designate fewer persons to whom the motion to abandon property should be mailed, should be filed with the Clerk of the Bankruptcy Court. The order designating such parties in interest should be entered prior to the filing and mailing of the Rule 6007(b) motion (or the Rule 6007(a) notice). This prior "motion" to designate parties to be served may be made without notification to any party in interest except perhaps the trustee, debtor and official committees. [8] The motion should state fully the reasons (i.e.: the "cause") for the proposed limitation of service of notification, should be accompanied by an affidavit, and the movant should present a separate proposed order approving the motion. Then, the motion to limit notification and the Rule 6007(b) motion can be filed by the movant and the Rule 6007(b) motion can be mailed to such limited designated persons. [9] The Rule 6007(b) motion commencing the Rule 9014 contested matter proceeding should not contain the Federal Rule of Civil Procedure motion to limit notification; the order to limit service should precede the Rule 6007(b) motion to abandon. As with the Rule 6007(b) notice of trustee of abandonment, the Rule 6007(b) motion to require abandonment is mailed to parties in interest under the signature of the movant and not the judge.

## 1984 BANKRUPTCY AMENDMENTS ACT

The Court should remind that the Bankruptcy Amendments Act of 1984 amended 11 U.S.C. § 521 to require the Chapter 7 debtor to make intention known as to retention or surrender of property of consumer debts secured by property of the estate. [10] The amendment to the section does

7. While this is not one of the procedures specified in any of the Bankruptcy Rules of 1983 to be allowed by "application", and thus a "motion" because it is not specified as an "application" by a specific rule, it appears that because the procedure has no obvious respondent and is not a proceeding giving rise to a apparent dispute, and requires only discretionary judicial action by the Court, the procedure should have been labeled by the rule makers as an application proceeding rather than a contested matter proceeding. The proceeding to obtain a ruling on limitation of persons to serve the notice requires only judicial attention and action. *See Norton Bankruptcy Law and Practice*, Vol. 6, Editors' Comments at Rule 9013 at pp. 705–707.

8. *See* Editors' Comment regarding potential problems of ex parte contact in *Norton Bankruptcy Law and Practice*, Vol. 6, Editors' Comments at Rule 9013 at p. 709; and Editors' Comment at Rule 9014 at p. 713.

9. The Advisory Committee Note to Rule 6007 provides that this abandonment procedure ap-plies to Chapters 7, 11 and 13 cases. It should be recognized that in Chapter 13 cases where the debtor-in-possession and trustee co-exists, this procedure offers some different faces. For instance, the debtor's Chapter 13 plan could provide for § 554(b) and Rule 6007(b) abandonment if the notice to all creditors clearly specifies that intention and allows for objection prior to or at the § 341 meeting of creditors.

10. § 521 Debtor's duties. The debtor shall—
(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs;
(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within

not mention abandonment of the Title 11 estate's interest in property. It does not seem to affect § 554 abandonment or the trustee's responsibilities under § 554 and Rule 6007(a) or to prevent a party in interest from making a motion pursuant to rights conferred under § 554(b) and the procedure of Rule 6007(b).

Therefore, the motion of First Carolina Financial Corp. for entry of consent order on abandonment of a 1983 Horton Mobile Home is DENIED.

IT IS SO ORDERED.

As guidance for future Rule 6007 Abandonment of property in this Court, the Court has incorporated in this order the following local rule.

## LOCAL RULE OF ABANDONMENT IN CASES OF WILLIAM L. NORTON, JR. UNITED STATES BANKRUPTCY JUDGE NORTHERN DISTRICT OF GEORGIA

Abandonment.

(a) A proceeding requesting § 554(a) abandonment of collateral by a trustee or debtor-in-possession shall be commenced by a *"Notice"* document mailed to *all* creditors pursuant to Bankruptcy Rule 6007(a). The filed *Notice* document, which shall constitute the notification of the proposal to the creditors and parties in interest, shall be signed by the requesting party, not the Clerk or Judge, and mailed by the Clerk of Court or by the proposer if such service is approved pursuant to Rules 2002 and 9007 by the Court.

(b) A proceeding requesting § 554(b) abandonment by a party in interest other than the trustee or debtor-in-possession shall be commenced by "motion" pursuant to Bankruptcy Rule 6007(b) mailed to *all* creditors pursuant to Rule 6007(a) and (c). The Rule 6007(b), which motion shall constitute the notification to parties in interest, shall be signed by the movant not the Clerk or Judge and mailed by the Clerk or proposer if such service is approved pursuant to Rules 2002 and 9007 by the Court.

(c) The request (*Notice* or motion) shall state the period within which objections may be filed, i.e., 20 days, unless shortened for cause by a proper, prior and separate Rules 2002, 9007 and 7003 motion and order of the Court. The request shall constitute the notification mailed by the Clerk to all creditors, debtor and trustee unless the Court upon a proper additional and separate motion under Rules 6007, 9007 and 7013 for such specific relief may specify in an order a more limited number of parties in interest to be notified.

(d) The request shall provide the date of a hearing in the event an objection is filed.

(e) No hearing will be held on a Rule 6007(a) *Notice* unless an objection is filed. If no objection is filed, the requested abandonment is administratively allowed by operation of Rule 6007 without order of the Court.

(f) No hearing will be held on the Rule 6007(b) motion for abandonment unless an objection is timely filed. If no objection is timely filed, a default order which details the facts of the completed procedure may be presented and entered by the Court without the scheduled hearing being held.

(g) The property is not abandoned to any particular creditor as the determination

---

such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing is subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regards to such property under this title.

34

of validity, priority and extent of lien is governed by Rule 7001(2).

(h) In a Rule 6007(a) *Notice* proceeding, only the stay of the estate's interest in the property is terminated. In a Rule 6007(b) motion proceeding, only the stay of the estate's interest in the property is terminated *unless* the motion contains a prayer specific to terminate the stay of the debtor's interest in the property.

While a Rule 6007(b) motion to abandon may also include a prayer for relief from the debtor stay, Rule 4001 motion for relief from the stay may not be used to abandon property, even with consent of trustee and debtor, because Rule 6007(b) requires notification of the motion for abandonment to *all* parties in interest. *See* Rule 6007(a) and (c).