### In re Stephen and Patricia SLEICHER, Debtors.

**Bankruptcy No. 885–50673–20.**

United States Bankruptcy Court, E.D. New York.

Oct. 2, 1985.

Louis P. Rosenberg, Brooklyn, N.Y., for Henry L. Fox Co., Inc.

Marilyn Frier, Woodmere, N.Y., Trustee.

Miguel A. Hernandez, Brooklyn, N.Y., for debtors.

## DECISION AND ORDER

ROBERT J. HALL, Bankruptcy Judge.

This matter came to be heard on the motion of creditor Henry L. Fox Co., Inc. (hereinafter "Fox"), for an order directing the trustee of debtors' estate to either sell debtors' interest in its premises pursuant to 11 U.S.C. § 363, or to abandon said property pursuant to 11 U.S.C. § 554(b). Fox's motion is hereby denied because Fox has failed to comply with notice requirements.

Bankruptcy Rule 6007 requires that notices of proposed abandonment be sent to all creditors. In this case notice was served upon the trustee and attorney for debtors only.

Neither the Bankruptcy Code nor the Bankruptcy Rules specify who should be served with notice of motion to compel the trustee to sell the property, but the Rules of Construction define notice as "such notice as is appropriate in the particular circumstances...." 11 U.S.C. § 102(1). In the circumstances of this case, a sale of the debtors' premises will affect creditors with liens, as well as unsecured creditors who might contemplate sharing proceeds of the sale after the secured creditors' liens are satisfied. Thus, the court rules that Fox's notice of motion to compel trustee to sell debtors' property should be made with the same rigor as a notice of motion to abandon property. Accordingly, Fox's motion to compel sale is denied because Fox served only the trustee and the debtors' attorney, and neglected to notify any other creditors.

Even if Fox had made proper notice, the court would still deny his motion because Fox offered no evidence at the hearing to substantiate the assertions in his motion that the sale of the property is in the best interest of creditors, and that the property is of inconsequential value to the estate.

SO ORDERED.