**In re R–B–CO., INC. OF BOSSIER d/b/a T–Shirts Plus, Debtor.**

**Bankruptcy No. 585–00712–S11.**

United States Bankruptcy Court,
W.D. Louisiana,
Shreveport Division.

Jan. 29, 1986.

Henri Loridans, Shreveport, La., for debtor.

Ralph Scott Bowie, Jr., Graves, Daye, Bowie & Beresko, and John E. Settle, Jr., Shreveport, La., for opponent Parlay Enterprises, Inc.

## MEMORANDUM RULING

LeROY SMALLENBERGER, Bankruptcy Judge.

This case presents this Court with an interesting res nova issue. On November 19, 1985, the debtor filed an intent to abandon property which is encumbered by a chattel mortgage and promissory note held by Parlay Enterprises, Inc. This mortgage includes the fixtures, furniture, equipment and inventory for the operation of a sport shirt business known as T-Shirts Plus. The mortgage, dated February 13, 1984, was to cover the balance due on a total sale price of $164,993.23 for the inventory, equipment, etc. and the franchise rights to the T-Shirt stores. Mr. & Mrs. Heisler, who had formed R-B-Co., Inc. for the purpose of running the T-Shirt business, signed the promissory note as co-makers and according to the terms of the note are bound in solidio for payment of the obligation.

Subsequently, the debtor-corporation defaulted on the note payments and Parlay instituted suit against the corporation and Mr. & Mrs. Heisler. Thereafter, the corporation filed for protection under Chapter 11 of the Bankruptcy Code. A Plan of Reorganization was confirmed and Parlay was listed as a fully secured creditor. Interestingly, the plan also provided:

"(2) Notwithstanding anything contained above in this plan, the debtor reserves the right to abandon any item of property retained by it after confirmation, and receives full satisfaction of any claims secured by the liens of said abandoned property (which will have a result similar to a *dation en paiement* under Louisiana law in regard to said lienholder)."

This abandonment clause is what has generated the controversy. Parlay's amended proof of claim indicates that $99,317.84 is due and outstanding on the note. Further, a value of $110,000.00 was placed on the collateral in question by an order of this Court dated November 19, 1985. Although the creditor did have an opportunity to object, the Court notes however, that these assigned values of security were done by exparte order without the benefit of a valuation hearing.. Thus, the debtor through his Plan of Reorganization, and based upon the order of this Court and the creditors proof of claim, seeks to force the creditor to accept the abandonment in full satisfaction of the obligation.

 The applicable codal provision concerning abandonment is Section 554 of the Bankruptcy Code, it provides:

§ 554. **Abandonment of property of the estate.**

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

The Court does not believe that abandonment can be used, as a means of effecting a transfer of title, even if placed in the Plan of Reorganization. Under section 554, upon abandonment, the trustee or debtor-in-possession is simply divested of control of the property because it is no longer property of the estate. 4 Colliers on Bankruptcy § 554.02 (15th ed. 1984). Abandonment is not a sale nor a dation en paiement, under Louisiana Law. La.Civ. Code Ann. Art. 2655 (West 1985). A dation en paiement is defined as:

Art. 2655. **Giving in payment, definition**

The giving in payment is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due.

It requires consent of the parties, delivery and, most importantly, a transfer of title. In contrast, as cited by Bankruptcy Judge, William Norton, in *In re Caron* 50 B.R. 27 (Bkrtcy N.D. Georgia 1984).

While the Senate Report to § 554 (SRep. No. 95–989, 95th Congl, 2d Sess 92 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787) indicates the abandoned property may be to a particular creditor, such notion conflicts with the limited purpose of § 554 and the requirement of Rule 7001(2) that requires adversary proceeding procedure, i.e.: plaintiff's complaint and defendant's answer, to determine the validity, extent and priority of a lien. Section 554 abandonment procedure is not intended to determine issues of ownership and possession of property. Thus, the procedure of § 554 and Rule 6007 cannot be used to effect turnover, recovery or legal title or possesison to any particular creditor. The finding in § 554 and Rule 6007 is only that the property in question has no realizable equity for the Title 11 estate and should be abandoned from the estate. It is abandoned to the debtor and his non-bankruptcy estate and creditors as their interests may be under state law. Of course, the debtor after trustee abandonment may surrender property to any party. The party may then use whatever legal procedure may be available under state law to obtain legal possession. 50 B.R. at 32.

 Given this background, this Court must decide whether it should enforce the

Plan of Reorganization clause in this case which effectively makes an abandonment but establishes rights and transfers title to the property as if there was a dation under Louisiana Law. True, a Plan of Reorganization constitutes a new indebtedness which is in essence a new and binding contract between the debtor and the creditors. *In re R.C.E. Corporation,* 12 C.B. C.2d 305, 45 B.R. 700 (1985). *Federal Land Bank of Jackson Mississippi v. Willie and Mary Herron,* 60 B.R. 82 (Bkrtcy. W.D. La.1986) 11 U.S.C. 1141(a). Additionally, in the absence of an allegation of fraud in obtaining the judgment, the Supreme Court in *Stoll v. Goltlieb* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938) held that the doctorine of res judicata applied with respect to matters which are covered by a Plan of Reorganization confirmed by final order of a bankruptcy court. Thus, as now confirmed the plan is a final judgment between the plaintiff and defendant. Counsel for Parlay Enterprises, Inc. argues that under the *Northern Pipeline Construction Company v. Marathon Pipeline Co.,* 459 U.S. 813, 103 S.Ct. 200, 74 L.Ed.2d 160 (1982) rationale, this court cannot adjudicate the rights of parties who have not filed for protection under the Bankruptcy Code. We agree. Parlay Enterprises, however, fully participated in the confirming of this Plan of Reorganization. Thus, as between the creditor and the debtor the Plan of Reorganization is binding and enforceable. 11 U.S.C. 1142.

■ Based upon our above analysis of the distinction between abandonment and a dation en paiement, however, the Court will not enforce the phrase in question as the debtor wishes. First, the Court believes that the phrase is ambiguous. Does the sentence mean to be qualified so as to force a creditor to release its liens even if it has not received full satisfaction of its claim? Possibly. The provision does not put a creditor on notice that it will be *forced* to accept the property in full satisfaction of its claim. Clearly, the comparison with a dation would lead to the opposite conclusion, i.e. that the creditor could not be forced to accept the property. Accordingly, the Court will allow the debtor to abandon the property as burdensome to the estate but will not enter an order making the abandonment in full satisfaction of Parlay's claims against the debtor-corporation or the Heisler's individually.