### In re JANDOUS ELECTRIC CONSTRUCTION CORP., Debtor.

**Bankruptcy No. 88 B 20680.**

United States Bankruptcy Court, S.D. New York.

March 6, 1989.

Sidney Turner, P.C., White Plains, N.Y., for debtor.

Dreyer and Traub, New York City, for Slattery Associates, Inc.

Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for The Union Sav. Bank.

### DECISION ON ORDER TO SHOW CAUSE FOR ORDER DIRECTING ABANDONMENT OF MATERIALS AND TO MODIFY AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Slattery Associates, Inc. ("Slattery"), a general unsecured creditor of the Chapter 11 debtor, Jandous Electric Construction Corp. ("Jandous"), seeks an order pursuant to 11 U.S.C. § 554(b) directing Jandous to abandon to Slattery certain customized materials that were procured by Jandous as a subcontractor for use in a New York City Transit Authority project where Slattery is the general contractor. Some of the fabricated materials were paid for by the debtor whereas approximately $636,890.34 is owed by the debtor to the suppliers of these materials. Slattery offers to pay the suppliers the balance owed for the materials

and to apply the amounts so paid as recoupment against any claims by the debtor against Slattery for work performed or materials supplied for the project.

The debtor, Jandous, opposes Slattery's motion for an abandonment of the materials to Slattery and maintains that the materials are not valueless to it or a burden to the estate, especially since the debtor is entitled to receive from Slattery a profit on the materials over and above the cost of purchase. Moreover, The Union Trust Co., a creditor claiming a secured interest in the debtor's inventory, objects to the abandonment of any materials belonging to this estate and notes that Slattery has not given notice of its abandonment motion to other creditors of this estate who might have an interest in the property sought to be abandoned. Had the debtor sought to abandon the property, it would have been required to give notice to all creditors of the proposed abandonment, as required by Bankruptcy Rule 6007(a).

## FINDINGS OF FACT

1. On or about August 29, 1986, Slattery entered into a contract with the Transit Authority to provide approximately $50,000,000 of permanent rehabilitations, renovations and improvements to the Prospect Avenue Line which included installing new signal equipment, rewiring, new lighting, conduits and electrical distribution to 26 stations on over one mile of Transit Authority track. The Project also included rehabilitation of three sump rooms and pumping systems in the East River tunnels.

2. On or about November 18, 1986, Slattery entered into a subcontract with Jandous to provide the electrical work required to complete the Project (the "Subcontract"). The Subcontract provided that Jandous complete all the specified work for $13,000,000 in accordance with terms of the Subcontract and the Transit Authority's specifications.

3. On or about January 27, 1987, Jandous began its subcontract work for the Project. Pursuant to the terms of the Subcontract, Jandous attempted to obtain specially fabricated materials and equipment that are to be permanently installed in the Project. For some of these materials, Jandous had to prepare detailed shop drawings, submit them for approval and then have them fabricated. Typical of such materials and equipment were the two massive switching gears that were necessary for the new pumping systems as well as the extensive necessary appurtenances to operate those gears (the "Switching Gears and Appurtenances"). These switching gears cost approximately $275,000 each and were specifically designed for the Project by Westinghouse Electric Supply Company ("WESCO") and took several months to fabricate. Similarly, much of the other material and equipment took lengthy periods to obtain because of design, approval and manufacturing requirements.

4. On December 1, 1988, Jandous filed with this court its petition for Chapter 11 relief under the Bankruptcy Code. Jandous continued in possession of its property and continued to manage its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

5. There is no question that all of the equipment sought by Slattery for its New York Transit project, except for certain "catalogue" items, were specifically customized and fabricated for this job and are not readily usable elsewhere. Most of the equipment is in the possession of the debtor, although some items are held by vendors. The debtor has installed materials at the job site for which there remains an unpaid balance of approximately $636,890.39. Slattery reasons that the debtor's nonpayment for materials installed at the job site constitutes a breach of its subcontract, which requires Slattery to execute a payment bond which guarantees payment to persons furnishing labor or materials to the project, thereby increasing Slattery's claim against the debtor. Additionally, the debtor has, on hand or in stock, specifically fabricated materials and equipment invoiced at approximately $137,000 which has not been paid to the vendors of these items.

6. At a meeting held on December 7, 1988, the debtor informed Slattery that it did not have sufficient financial resources to continue with the Slattery subcontract and that a source of additional financing had to be found to the extent of an additional one and one-half million dollars. Jandous also informed Slattery that the cost to complete the job exceeds Jandous' contract price by $4.3 million.

7. During Jandous' performance under the Subcontract, and as an accommodation to Jandous, Slattery executed a guarantee of payment to WESCO securing them for payment of the Switching Gears and Appurtenances. Jandous has received and installed the Switching Gears but has not paid for one switching gear and the Appurtenances despite its Payment Certifications. Slattery argues that it has a pressing need for these materials and is left in the impossible situation of either (a) reordering the Appurtenances, which would take many months and cause unacceptable delay, or (b) paying Jandous' estate for the Appurtenances but having no assurance that Jandous will use the money to pay WESCO thereby requiring Slattery to also pay on the guarantee.

8. At another meeting between the parties held on December 19, 1989, the debtor, Jandous, objected to the fact that Slattery had received progress payments from the New York City Transit Authority but that Slattery would not make any payments to Jandous for work performed by Jandous in October of 1988 because of the debtor's financial inability to complete its subcontract work for the project.

### DISCUSSION

The basic issue for determination is whether or not a general unsecured creditor, who has neither a possessory nor a secured interest in specific property purchased by a debtor as a subcontractor at a particular project, may compel the debtor to abandon customized property to the creditor who has need for the property in conjunction with the creditor's obligation as the general contractor for the project. The concept of abandonment is governed by 11 U.S.C. § 554. If the debtor or a trustee seeks abandonment of property of the estate that is burdensome or of inconsequential value and benefit to the estate, resort must be had to 11 U.S.C. § 554(a). However, a party in interest may also compel a debtor or a trustee to abandon property that is burdensome or of inconsequential value and benefit to the estate. In such a case, the party in interest would seek an abandonment order, after notice and a hearing, pursuant to 11 U.S.C. § 554(b), which provides:

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

In commencing a proceeding pursuant to 11 U.S.C. § 554, a party in interest must refer to the notice provisions encompassed in Bankruptcy Rule 6007 which provides,

**Rule 6007. Abandonment or Disposition of Property.**

**(a) Notice of Proposed Abandonment or Disposition; Objections.** Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to all creditors, indenture trustees and committees appointed or elected pursuant to the Code. An objection may be filed and served by a party in interest within 15 days of the mailing of the notice, or within the time fixed by the court.

**(b) Motion by Party in Interest.** A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate.

**(c) Hearing.** If a timely objection is made as prescribed by subdivision (a) of this rule, or if a motion is made as prescribed by subdivision (b), the court shall set a hearing on notice to the entities as the court may direct.

■ B.R. 6007(a) requires the trustee or debtor in possession to give notice to all creditors of the debtor. If a party in interest seeks the abandonment of property it

must serve a notice requiring the trustee or debtor in possession to abandon the property to the estate. However, if, in fact, this notice contemplates that a hearing should be held to determine whether or not the property may be abandoned pursuant to § 554, it is necessary for all parties listed in B.R. 6007(a) to receive notice and have an opportunity to object. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 709–710 (9th Cir.1986) (no abandonment without notice to creditors); *In re Wideman,* 84 B.R. 97, 100–101 (Bankr.W.D.Tex.1988). *In re Sleicher,* 55 B.R. 85, 86 (Bankr.E.D.N.Y.1985); *In re Butler,* 51 B.R. 261, 262 (Bankr.D.D.C. 1984); *First Carolina Financial Corp. v. Trustee (In re Caron),* 50 B.R. 27, 28–30 (Bankr.N.D.Cal.1984); ("Proposed order of abandonment to allow a secured creditor to obtain the property could not be granted where motion for entry of a consent order had not been served on all creditors and no motion had been made for an order specifying a limited number of parties in interest to whom the motion to abandon should be served") *In re Tucci,* 47 B.R. 328, 331; Bankruptcy Rule 6007(b) Advisory Committee Notes (1983) *reprinted in* Norton Bankruptcy Law and Practice Bankruptcy Rules (1988).

█ Notice to all creditors is especially crucial where the abandonment of property would affect creditors with liens, as well as unsecured creditors who will contemplate sharing proceeds of sale after secured creditors' liens are satisfied. Where other creditors with possessory or security interests exist notice of motion must be served upon these creditors. *In re Sleicher,* 55 B.R. at 86. In this case, Union Trust Co., which was not properly noticed with this motion and discovered its existence inadvertently, objected to the abandonment and expressed the concern that as a secured creditor of this debtor, it may be entitled to share in the proceeds of the sale which exceed the cost of the equipment. Additionally, in light of the fact that the vendors which manufactured this equipment were not given notice of Slattery's abandonment motion, any creditors with possessory or security interests in the equipment were prevented from participating at the hearing.

Even if notice of this motion complied with B.R. 6007, Slattery failed to demonstrate that the equipment is burdensome or that it is of inconsequential value or benefit to the estate pursuant to 11 U.S.C. § 554(b). On the contrary, Norman Nadel, a director of the debtor, and Robert Bierman, the Debtor's president, both testified that the equipment has substantial value to the debtor based upon the alleged monies owed by Slattery to the debtor over and above the cost of the equipment. If the debtor cannot obtain the funds allegedly owed by Slattery, Mr. Bierman testified that it could sell the equipment to other electrical contractors who would, in all likelihood, compensate the debtor for amounts exceeding the equipment cost. Additionally, Mr. Bierman stated that there are certain "catalogue" items, such as some lighting fixtures, that could be used in other contracting jobs being performed by the debtor.

Regardless of whether Slattery satisfied 11 U.S.C. § 554(b), thereby justifying abandonment of the equipment, the equipment may not be abandoned to Slattery because it does not have a possessory or security interest in the property. As reflected in 11 U.S.C. § 554(c), property of the estate that is not otherwise administered at the time of the closing of a case is "abandoned to the debtor". This language supports the Editors' Comment to Bankruptcy Rule 6007(a) in Norton Bankruptcy Law and Practice, Rules and Official Forms, at 345:

> In this connection, it should be noted that while Code § 554(b) and corresponding Bankruptcy Rule 6007(b) authorize a party in interest to request the entry of an order directing the trustee to abandon property which is burdensome or inconsequential in value, the property is *not abandoned to the party* requesting the abandonment. The property is abandoned to the debtor, and in a relief Chapter case, released from the estate. The parties who assert rights to the abandoned property must then pursue their claims in a nonbankruptcy forum, assum-

ing the Code § 362(a) stay for the debtor has been terminated.

In the case of an abandonment by the trustee or a debtor in possession, assuming a creditor retains a security interest in the property at issue, a question arises as to whether the creditor or the debtor assumes a primary possessory interest therein. *In re Perry*, 29 B.R. 787, 793 (D.Maryland 1983), *affd Riggs Nat'l Bank v. Perry*, 729 F.2d 982 (4th Cir.1984). Both the House and Senate reports, in explanation of the effect of abandonment pursuant to § 554 state:

> Abandonment may be to any party with a possessory interest in the property abandoned. In order to aid administration of the case, subsection (b) deems the court to have authorized abandonment of any property that is scheduled under Section 521(a) and that is not administered before the case is closed.

*In re Cruseturner*, 8 B.R. 581, 591 (Bankr. D.Utah 1981) *citing* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. at 377 (1977); S.Rep. No. 95–989, 95th Cong. 2d Sess. at 92 (1978), U.S.Code Cong. & Admin.News 1978, at 5878, 6333. *See Ohio v. Kovacs*, 469 U.S. 274, 284 n. 12, 105 S.Ct. 705, 710 n. 12, 83 L.Ed.2d 649 (1985). Thus it appears that abandonment under any subsection of 554 will be to a party with a "possessory interest" which is defined as a "right to exert control over" or a "right to possess" property "to the exclusion of others". *In re Cruseturner*, 8 B.R. at 591, *citing* BLACK'S LAW DICTIONARY 1049 (5th ed. 1979) *See In re Dewsnup*, 87 B.R. 676, 681–682 (Bankr.D.Utah 1988). This legislative reference and attendant definition are in keeping with cases under former law which hold that title and right to the property reverts to its pre-bankruptcy status. Thus, whoever had the possessory right to the property at the filing of bankruptcy again reacquires that right. Normally this party is the debtor, but it is conceivable that a creditor may be entitled to possession instead if, by the exercise of its contractual or other rights, it held a possessory interest prior to the filing of bankruptcy. *In re Cruseturner*, 8 B.R. at 591. *See In re Dewsnup*, 87 B.R. at 681–682; *In re*

*Butler*, 51 B.R. at 265–266; 4 COLLIER ON BANKRUPTCY 554–7 at ¶ 554.02[2].

Slattery failed to demonstrate that it has a possessory interest in the equipment in Jandous' possession, insofar as having a right to possession of or exertion of control over the equipment to the exclusion of other creditors. *In re Cruseturner*, 8 B.R. at 591. Nor did Slattery demonstrate that it has a security interest in equipment. To allow abandonment to Slattery, who is merely a general unsecured creditor, would be to the detriment of creditors who do have a security or possessory interest and to the other general unsecured creditors who may share in whatever equity the debtor would retain from the sale of the equipment. Slattery argues that if it pays the vendors for the equipment that it would satisfy those creditors with a possessory interest and eliminate vendor claims against the debtor. However, this suggestion elides the fact that the vendors did not have an opportunity to be heard as to whether they are willing to accept payment for the equipment from Slattery and it ignores the debtor's equity in the equipment by virtue of the additional work performed by the debtor to acquire the equipment.

## CONCLUSIONS OF LAW

(1) This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

(2) Slattery has failed to comply with the notice requirements of Bankruptcy Rule 6007(a) and (b).

(3) The equipment which Slattery seeks is of substantial value and benefit to the debtor's estate and may not be abandoned pursuant to 11 U.S.C. § 554(b).

(4) In any event, Slattery does not have a possessory or security interest in the equipment that would permit its abandonment to Slattery to the prejudice of other creditors.

(5) Accordingly, Slattery's motion pursuant to 11 U.S.C. § 554(b) and Bankruptcy Rule 6007(b) is denied.

SETTLE ORDER on notice with the foregoing finding of facts and Conclusions of Law.