### In re MANCHESTER HEIGHTS ASSOCIATES, L.P., Debtor.

**Bankruptcy No. 91–44090–2.**

United States Bankruptcy Court, W.D. Missouri.

March 10, 1994.

See also, 140 B.R. 521.

Peter D. Kerth, St. Louis, MO.

Paul E. Berman, Trustee, Kansas City, MO.

Frank P. Barker, III, Kansas City, MO.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Manchester Heights Associates, L.P. (the "Debtor"), filed its petition under Chapter 7 of Title 11 of the United States Code on December 30, 1991. Upon request of the creditor Hutchinson–Massood Development, Inc. (Hutchinson–Massood) and application by the trustee to abandon any interest in alleged fraudulent transfers, the property was abandoned, pursuant to § 554 of the Bankruptcy Code, under an order dated December 29, 1993. A hearing was scheduled for January 21, 1994 upon motion by the Debtor and later continued to February 7, 1994 at which time the Court heard arguments of counsel.

*Facts*

An involuntary petition for bankruptcy was filed with this Court against the Debtor on December 30, 1991 and on April 27, 1992 and order for relief was entered under Chapter 7.

The alleged fraudulent conveyance which is the subject of the order of abandonment is detailed below. Debtor is a limited partnership with Professional Realty Associates (PRA) as its sole general partner. Defendant Manchester Acquisition Partners (MAP), L.P., is also a limited partnership with PRA as its sole general partner. Simon A. Mahanna, Charles W. Schweizer, Realty Consultants, Inc. (RCI), and Manchester Acquisition Investors, L.P., (MAI) serve as the limited partners to MAP. MAI is a limited partnership with PRA as its sole general partner and Boston Equity Investments, Inc. as the sole limited partner.

Hutchinson–Massood was a developer commissioned by MAP to construct a one-hundred dred eighty-four unit HUD apartment complex known as Hutchinson–Massood Estates (the "apartment complex"). Debtor executed a note in favor of Hutchinson–Massood, and was the record owner of the apartment complex. On or about December 27, 1988, the Debtor transferred all buildings, fixtures & improvements of the apartment complex, and leased the real property, to MAP. All documents were executed by Simon A Mahanna as a general partner of PRA which was the sole general partner of both the Debtor and MAP. The transfer was not approved by Hutchinson–Massood as required by outside documents, nor did the limited partners approve of the transfer. Final HUD approval was obtained October 16, 1991. No valid consideration was purported to be given by MAP in return for the exchange, although a promissory note was filed of record with the Recorder of Deeds for Jackson County, Missouri on December 29, 1988.

Paul E. Berman was appointed Trustee in the case and later proposed to specially employ, Charles A. Erickson to investigate and bring adversary proceedings in connection with the transfers of property which appeared to be fraudulent conveyances under the Bankruptcy Code. No proceedings were initiated against the Debtor with respect to

44

this matter, instead the property was later abandoned.

The notice for abandonment of any interest in alleged fraudulent transfers was made under § 554 of the Bankruptcy Code on December 9, 1993 by the Trustee. Soon thereafter, Hutchinson–Massood entered a request with the Court asking that the Trustee be ordered to abandon said claims to the creditor. Order for abandonment of any interest in alleged fraudulent transfers in favor of Hutchinson–Massood was approved on December 29, 1993 with a hearing to be held on January 21, 1994 for any objections to the order. The Debtor objected to abandonment on December 28, 1993. The Debtor objected to abandonment to the extent that the property is abandoned to the creditor, but does not oppose abandonment to the Debtor. The hearing for the objection was finally held on February 7, 1994.

*Discussion*

▮ In general, abandonment of property of the estate is controlled by 11 U.S.C. § 554 (1993) which provides in relevant part:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Although not specifically stated in the statute, the legislative history shows that "[a]bandonment may be to any party with a possessory interest in the property abandoned." (H.R.Rep. No. 595, 95th Cong., 1st Sess. 377 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 92 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5878, 6333). Therefore, if a creditor held a possessory interest prior to the filing of bankruptcy, they may be entitled to possession. *In re Cruseturner,* 8 B.R. 581, 591 (Bankr.D.Utah 1981). A possessory interest arises in the creditor by exercise of its contractual or other rights. In the present case, Hutchinson–Massood does not claim a possessory right of their own which may be asserted in connection with the abandonment. Hutchinson–Massood only asserts a desire to obtain the rights of Manchester Heights Associates in the property.

▮ In connection with § 554, the trustee has control of the property during the administration of the bankruptcy estate, not title to the property, and § 554 operates to divest the trustee of that control. Norton Bankruptcy Law and Practice 2d, § 53:1 (1994). The only determination made by the trustee in the § 554 abandonment process is that the property is (1) burdensome to the estate, or (2) of inconsequential value. 11 U.S.C. § 554(a). Therefore, once one of these factors is found, the interest is removed from the bankruptcy estate and it reverts to the debtor as though no bankruptcy occurred. *In re Dewsnup,* 908 F.2d 588, 590 (10th Cir.1990), *aff'd on other grounds, Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), citing *Brown v. O'Keefe,* 300 U.S. 598, 602, 57 S.Ct. 543, 546, 81 L.Ed. 827 (1937); *Wallace v. Lawrence,* 338 F.2d 392, 394 n. 1 (9th Cir.1964); *see also In re McGowan,* 95 B.R. 104, 106 (Bankr. N.D.Iowa 1988); *In re Cruseturner,* 8 B.R. 581, 591 (Bankr.D.Utah 1981); *In re Purco,* 76 B.R. 523, 532 (Bankr.W.D.Pa.1987). Again, Hutchinson–Massood has no claim to the interest because once the determination is made, the property simply falls out of the estate to whomever can claim a possessory interest.

▮ Abandonment cannot be used, "as a means of effecting a transfer of title." *In re R–B–Co., Inc. of Bossier,* 59 B.R. 43 (Bankr. W.D.La.1986). "[T]he trustee or debtor-in-possession is simply divested of control of the property because it is no longer property of the estate." *Id.* citing 4 Lawrence P. King, ed., Colliers on Bankruptcy ¶ 554.02 (15th ed. 1984).

On this point, Judge William Norton succinctly stated:

While the Senate Report to § 554 (SRep No. 95–989, 95th Cong, 2d Sess 92 91978), U.S.Code Cong. & Admin.News 1978, p. 5787) indicates the abandoned property may be to a particular creditor, such notion conflicts with the limited purpose of § 554 and the requirement of Rule 7001(2) that requires adversary proceeding procedure, i.e.: plaintiff's complaint and defendant's answer, to determine the validity, extent

and priority of a lien. Section 554 abandonment procedure is not intended to determine issues of ownership and possession of property. Thus, the procedure of § 554 and Rule 6007 cannot be used to effect turnover, recovery or legal title or possession to any particular creditor. The finding in § 554 and Rule 6007 is only that the property in question has no realizable equity for the Title 11 estate and should be abandoned from the estate. It is abandoned to the debtor and his nonbankruptcy estate and creditors as their interests may be under state law. Of course, the debtor after trustee abandonment may surrender property to any party. The party may then use whatever legal procedure may be available under state law to obtain legal possession.

*R–B–Co.,* 59 B.R. at 45 (citing Bankruptcy Judge, William Norton, in *In re Caron,* 50 B.R. 27, 32 (Bankr.N.D.Georgia 1984).

■ Therefore, Hutchinson–Massood's request that the Debtor's property be abandoned to it, flies contrary to the established precedent. The abandonment process was intended to simplify case administration under the Code by restoring the debtor's pre-petition interest in the abandoned property. Norton Bankruptcy Law and Practice 2d, § 53:1 (1994). Abandonment of the estate's interest to a creditor is inconsistent with the concept of abandonment under the Code.

The creditor Hutchinson–Massood cites *Unisys Corp. v. Dataware Products, Inc.,* 848 F.2d 311 (1st Cir.1988) in support of its position to obtain possession of the Debtor's property upon abandonment. The facts of that case involved a suit by Unisys against Dataware Products, Inc. (DPI) in Federal District Court. DPI was a corporation that had previously acquired the assets of Dataware Sources, Inc. (DSI). The action against DPI was commenced by Unisys after DSI filed the Chapter 7 action. Thereafter, the trustee in bankruptcy abandoned certain property, including any claims of DSI against DPI.

The court found that these causes of action did not revert to the debtor and remained in control of Unisys the original party that could assert them. The Court reasoned that

Unisys filed suit outside of bankruptcy to enforce claims which it had independent standing to bring, not that Unisys gained control of the causes of action abandoned by the trustee.

Another case which relates closely to *Unisys* is *In re Chabot,* 100 B.R. 18, 23 (Bankr. C.D.Cal.1989) In *Chabot,* the court found that the filing of a bankruptcy petition does not strip creditors of state-created rights to avoid transfers. Instead the filing shifts those rights to the Trustee in bankruptcy who stands as representative for the creditors. Notwithstanding the shift in rights, the creditors' rights outside the bankruptcy are not destroyed by this process. Instead, when a case is closed in which a trustee does not pursue a fraudulent conveyance action of the creditor, the right to pursue the state law cause of action reposes once again in whomever is able to assert it. *Id.* at 23.

A third case, *In re Jandous,* 96 B.R. 462 (Bankr.S.D.N.Y.1989), also relates less closely to *Unisys.* In *Jandous,* an unsecured creditor could not compel the debtor to abandon the property to the creditor when the creditor held neither a possessory interest nor a security interest in the debtor's property. The facts involved a creditor-contractor which sought to have customized property abandoned by the debtor so that a construction job could be finished. This case centered around 11 U.S.C. § 554(b) and as a result is not on point, but the court looked to sources cited above to find that the property could not be abandoned to the creditor.

### Conclusion

Based on the foregoing discussion, the Debtor's objection is hereby SUSTAINED. The Court's order of December 29, 1993 is VACATED, and the property is ORDERED abandoned to the Debtor, Manchester Heights Associates, L.P.

The foregoing constitutes Findings of Facts and Conclusions of Law as required by Fed.R.Bankr.P. 7052.

SO ORDERED.