**E. D. STAIR CORPORATION v. TAYLOR et al.**

**No. 5436.**

Circuit Court of Appeals, Sixth Circuit.

April 9, 1930.

R. M. Brownson, of Detroit, Mich., for appellant.

F. D. Eaman, of Detroit, Mich. (Stevenson, Butzel, Eaman & Long and Lewis W. McCandless, all of Detroit, Mich., on the brief), for appellees.

Before DENISON and HICKS, Circuit Judges, and JONES, District Judge.

JONES, District Judge.

The appellant corporation seeks to reverse the action of the District Court in directing a verdict for the defendants. The suit was removed from the Wayne county, Mich., circuit court and was brought for the recovery of federal income taxes paid by the appellant lessor upon rental received by it under a ninety-nine year lease which it is contended provided for such payment by the appellees as lessees.

The sole question involved is the construction of the lease, the material provisions of which are as follows:

"3. The lessees covenant and agree as follows:

"(3) That they will bear, pay and discharge, in the name of the lessor, in addition to said rent above reserved, without deduction or abatement for any cause whatsoever, all such duties, taxes, charges, assessments and payments, extraordinary as well as ordinary, unforeseen as well as foreseen, of every kind and nature whatsoever, as shall during the term hereby created be imposed upon, become a lien on or grow out of, or upon, or for the said premises, or the improvements thereon, or which may be constructed thereon, or any part thereof, under or by virtue of any present or future law, ordinance or order of the United States of America, or of the State of Michigan, or of the County of Wayne, or of the City of Detroit, or of any other public or governmental authority whatsoever, including water rates, meter charges and charges for water of every kind, and charges for any other thing which may be furnished by any public agency for use or consumption on said premises; said taxes, assessments or other impositions, when the same are not contested in good faith by the lessees, to be paid before any interest or penalty shall accrue thereon; and will obtain and deliver to the lessor, within five (5) days after payment shall have been made as above provided, a duplicate receipt or receipts showing such payment; and at their own proper costs and charges will bear, pay and discharge all duties, taxes, charges, assessments and payments of any and every kind that may be imposed by virtue of any present or future law, ordinance or order of the United States of America or the State of Michigan or the County of Wayne or the City of Detroit, or any other public or governmental authority whatsoever, upon the reversionary, or other, right or estate of the lessor, its successors and assigns, in and to the demised premises, and each and any portion thereof, and all income taxes assessed upon or against the lessor, its successors or assigns, by reason of the fact that the lessees have covenanted to pay the taxes, charges and assessments aforesaid, and also all income taxes assessed upon or against the lessor, its successors or assigns, as gains, profits or otherwise, by reason of the fact that improvements have been made upon said leased premises (but not including taxes, liens or charges arising out of the transfer of the reversionary interest of the lessor, its successors or assigns, by will or intestacy, or in contemplation of death, or to take effect upon death, under the inheritance tax or transfer laws of any State or of the United States); it being the intention of the lessor and the lessees that the rent reserved herein shall be received and enjoyed by the lessor, its successors and assigns, as a net sum, and that the lessees shall pay any and all taxes and charges imposed on the demised premises and upon the estate of the lessor therein, and the income taxes, if any, assessed against the lessor, its successors and assigns, as above specified, but no other income taxes, in such manner that the lessor shall be enabled to apply the rent to its own

use without any diminution thereof by payment of any such duties, taxes, charges, assessments or payments."

■ It is apparent from the language employed that the parties to the lease were carefully and specifically providing for certain income taxes and charges which were to be paid by the lessee, in addition to rentals reserved by previous provisions of the lease, and that they were providing for the payment by the lessees of no other income taxes than those specified in the lease. While the intention of the parties to a written contract is to be determined from an examination of the whole instrument, the parties here concede that the question turns upon the construction to be given the latter part of section 3 of article 3 of the lease respecting what the lessees covenant and agree to do in the way of assuming the payment of certain of the lessor's income taxes.

This pertinent language follows:

" * * * And also all income taxes assessed upon or against the lessor, its successors or assigns, as gains, profits or otherwise, *by reason of the fact that improvements have been made upon said leased premises* (but not including taxes, liens or charges arising out of the transfer of the reversionary interest of the lessor, its successors or assigns, by will or intestacy, or in contemplation of death, or to take effect upon death, under the inheritance tax or transfer laws of any State or of the United States) ; it being the intention of the lessor and the lessees that the rent reserved herein shall be received and enjoyed by the lessor, its successors and assigns, as a net sum, and that the lessees shall pay any and all taxes and charges imposed on the demised premises and upon the estate of the lessor therein, *and the income taxes, if any, assessed against the lessor, its successors and assigns, as above specified, but no other income taxes,* in such manner that the lessor shall be enabled to apply the rent to its own use without any diminution thereof by payment of any such duties, taxes, charges, assessments or payments."

It is the contention of the appellant that this provision should be so construed or reconstructed as to include the obligation of the lessees to pay the lessor's income taxes by reason of rentals paid to it by the lessees under the lease, and this because the express intention of the parties was that the lessor should be enabled to apply the rent to its own use without diminution thereof by payment of any such taxes. We think this provision of the lease may not be so construed. In clear and unambiguous language the lessees covenant to pay all income taxes assessed against the lessor as gains, profits, or otherwise, by reason of the fact that improvements have been made upon the leased premises, and the income taxes, if any, assessed against the lessor, by reason thereof, but no other income taxes.

Article 19 of the lease requires the lessees to erect a building within fifteen years, at a cost of not less than $500,000. It was the income tax, *if any,* assessed as gains, profits or otherwise, by reason of this contemplated improvement, that the lessees were agreeing to pay. The words "if any" have a most significant meaning when used with reference to income taxes assessed by reason of improvements to be made upon the leased property in view of the state of the revenue laws and the regulations of the Commissioner of Internal Revenue in force at the time of the execution of the lease.

■ There is nothing inconsistent in our conclusion with the provision that the lessor shall be enabled to apply the rent to its own use without any diminution, since the full rentals provided by the lease were paid by the lessees without diminution by payment of any taxes required by the express provisions of the lease to be paid by the lessees. We find no basis upon which to interpret this provision as requiring the lessees to pay income taxes exacted of the lessor on account of rentals received under the lease. The charges and obligations for payment of income taxes by the lessees are specified with particularity, and all other income taxes are excluded as obligations of the lessees. If the intention of the parties were otherwise, they could easily have expressly provided that the lessees should pay the lessor's income taxes assessed in respect of rentals received by it under the lease. Intention to require the lessees to pay income taxes on rentals received by the lessor under a lease should be clearly expressed. Where the language of an agreement is plain and unambiguous, there is no occasion to search for meanings nor to indulge in inferences as to the intention of the parties. It is not an unwarranted assumption to state that the subject of the payment of income taxes in respect to rentals reserved to the lessor under a lease of this character was of sufficient importance to require clear and specific provision therefor. No provision for such payment may be read into the plain language of this lease; but,

on the contrary, its terms clearly exclude such obligation. Illinois Central Railroad v. Indianapolis Ry. Co., 6 F.(2d) 830, 837 (C. C. A. 7th); Brainard v. New York Central Ry. Co., 242 N. Y. 125, 151 N. E. 152, 45 A. L. R. 751; Catawissa Railroad Company v. Philadelphia & Reading Ry. Co., 255 Pa. 269, 99 A. 807; Park Building Co. v. Yost Furniture Company, 208 Mich. 349, 361, 362, 175 N. W. 431.

Judgment affirmed.