## HUNT v. TRIPLEX SAFETY GLASS CO. OF NORTH AMERICA, Inc.

### Nos. 5975, 5976.

Circuit Court of Appeals, Sixth Circuit.
June 27, 1932.

C. H. Hatch, of Detroit, Mich. (Henry B. Graves, of Detroit, Mich., on the brief), for appellant.

John C. Bills, of Detroit, Mich. (Stevenson, Butzel, Eaman & Long, of Detroit, Mich., on the brief), for appellee.

Before HICKS and HICKENLOOPER, Circuit Judges, and HOUGH, District Judge.

## HICKENLOOPER, Circuit Judge.

Appellant brought two actions, one at law and the other in equity, for the enforcement of alleged contract rights under an agreement whereby appellant was made the sales agent of appellee for marketing appellee's patented products in a designated territory, and/or for the reformation of such contract. A jury was waived in the action at law, and the parties agreed to a stipulation that both actions should be tried simultaneously; all testimony, evidence, and proofs competent and relevant in either of the cases being received and regarded as evidence in both. Appellant's written contract of employment provided for the payment of graduated commissions upon the "worth of sales in any one year." Such "worth" or value of sales would, of course, include all items of expense of manufacture and cost of materials entering into a determination of the price of the goods sold. The present controversy arises from the language employed in paragraph 13 of the contract, where it is provided: "Such commissions to be based on the net billing price to the automobile, truck, aircraft, and automobile body manufacturers. In the case of any manufacturer such as General Motors, who might supply us the glass to be Triplexed for them, commission will be based on the net billing price of the Triplexing."

A contract was entered into with the Ford Motor Company, which company supplied not only the glass to be Triplexed but also the celluloid used in such operation. Appellant contended in the court below, and here contends, that the words "such as General Motors" referred only to companies owning or controlling glass manufacturing plants, as did the General Motors Corporation to the then knowledge of the parties; that the Ford Motor Company neither owned nor controlled such a plant; and that the appellant was therefore entitled to have his commission computed upon a net billing price without deduction of the cost of either glass or celluloid furnished by the Ford Motor Company. The District Court held that the cost of neither the glass nor the celluloid was to be included in the "net billing price," and that sufficient ground for reformation of the contract was not shown. These appeals followed.

The method of bookkeeping pursued was that the Ford Motor Company billed all glass and celluloid furnished by it to appellee at more or less arbitrary prices. These prices were thereupon used in proper proportion in computing the billing price of each windshield or window glass, and were in turn deducted in the form of credits from the statements rendered. The sole question for our determination in the law case is whether, in computing commissions payable to appellant, these deductions for either glass or celluloid, or both, should have been made. In the action in equity, the sole question is whether there was such mutual mistake in reducing the agreement to writing, or mistake on one side and fraud or inequitable conduct on the other, as would justify reformation. Walden v. Skinner, 101 U. S. 577, 583, 25 L. Ed. 963; Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 435, 12 S. Ct. 239, 35 L. Ed. 1063.

We are of the opinion that the term "net billing price," as first used in paragraph 13 above quoted, was intended to refer solely to billing price less trade or cash discounts, and that the matter of deductions for glass supplied by the purchaser was governed solely by the sentence which followed. We are also of the opinion that the words "any manufacturer such as General Motors" is not to be limited to only such manufacturers as owned or controlled glass manufacturing plants, but is applicable alike to all manufacturers which, because of their size, reputation, and purchasing power might be in a position to purchase the material indicated at a lower price than that available to appellee. In construing the contract, we are not concerned with the motive which may have led to the inclusion of this provision—the knowledge of Mr. Haskell, president of the appellee, who had theretofore been an officer in the General Motors Corporation—but solely with the meaning of the language used by the parties, in which we see no ambiguity. The bookkeeping method pursued by the Ford Motor Company and the appellee would properly reflect "the net billing price of the Triplexing"; but it is to be noted that the contract provision relates to and authorizes only the adoption of this bookkeeping method with reference to glass. The sum of all other costs

and expenses entering into the manufacture, plus the profit, thus made up what was denominated as the "price of the Triplexing." We do not regard it as any more permissible to us to enlarge the nature and number of the deductions to be allowed from this billing price than to restrict the manufacturers to those who owned or controlled glass producing plants, excluding all other manufacturers, although fairly comparable as to size and purchasing power. Both of these factors were within the possible contemplation of the parties, but, had they intended to so restrict manufacturers entitled to supply the glass themselves, or to enlarge the definition of the materials which might be supplied, it is to be presumed that language appropriate to the respective limitation or enlargement would have been used. This was not done, and the language actually employed must be given effect according to its obvious meaning, unaided by an implication of provisions which might have been, but were not, included. Cf. E. D. Stair Corp. v. Taylor, 39 F.(2d) 788, 790 (C. C. A. 6).

Nor do the circumstances surrounding the execution of the contract, the knowledge of the parties, their familiarity with methods of business of large automobile manufacturers, and the evident purpose to permit such automobile manufacturers to supply a part of the material necessary to the finished product, require a different conclusion. Judicial construction of a contract requires a determination of the meaning of the language used, not the ascertainment of some possible but unexpressed intent of the parties. Canadian Nat. Ry. Co. v. George M. Jones Co., 27 F.(2d) 240, 242 (C. C. A. 6). Cf. Wm. W. Bierce, Ltd. v. Hutchins, 205 U. S. 340, 348, 27 S. Ct. 524, 51 L. Ed. 828.

It follows that the judgment of the District Court in the law case must be affirmed in respect of the deductions in the form of credits for cost of glass furnished, but reversed as to similar deductions for celluloid claimed to have been supplied. It is contended, however, that both glass and celluloid were billed to the appellee by the Ford Motor Company at arbitrary prices, and, if this be the fact, it is obvious that the appellant would not be entitled to commissions upon that portion of such arbitrary price of the celluloid which exceeded the cost to appellee of similar material purchased in other operations during the period covered by the claim. Doubtless this is subject to easy proof by the appellee, but, lacking such proofs, the cost at which the celluloid was billed by and credited to the Ford Motor Company should be taken as the basis of computing the commissions.

Turning to the action in equity for reformation of the contract, we are of the opinion that the evidence lacks that clear and convincing quality which alone would justify reformation. Hearne v. New England Mut. Marine Insurance Co., 20 Wall. 488, 490, 22 L. Ed. 395; Moffett, Hodgkins & Clarke Co. v. Rochester, 178 U. S. 373, 384, 20 S. Ct. 957, 44 L. Ed. 1108; McGovern v. McClintic-Marshall Co., 269 F. 911, 914 (C. C. A. 2). Before a contract may be reformed to express the true agreement of the parties, they must have so agreed [Moffat Tunnel Imp. Dist. v. Denver & S. L. Ry. Co., 45 F.(2d) 715, 731 (C. C. A. 10)], and we fail to find sufficiently cogent proof of such agreement.

The judgment of the District Court in No. 5975 is reversed and the cause is remanded for further proceedings consistent with this opinion. The decree in No. 5976 is affirmed. Costs of the consolidated appeal will be borne one-half by each party.