**In re James Edward PRESTON, Sr. and Mary Marie Preston, Debtors.**

**Bankruptcy No. 7–87–01872–BKC–HP1.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Dec. 31, 1987.

Daniel L. Crandall, Roanoke, Va., for debtor.

Michael J. Aheron, Trustee, Roanoke, Va.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Chief Judge.

Before the Court, at the request of the Clerk of this Court and certain counsel practicing before the Court, is a procedural matter relating to the United States Trustee and the newly created office thereof in this District. The procedural issue involves 11 U.S.C. § 554 and Bankruptcy Rule 6007 relating to the abandonment of property of the estate. A copy of the form which the United States Trustee seeks to utilize is attached hereto as an Appendix.

28 U.S.C. § 154(b) vests in the undersigned, the Chief Judge of this District, among other responsibilities, the duty to "... ensure that rules of the Bankruptcy Court and of the District Court are observed...." Since the affixed form relates to the procedural application of the Bankruptcy Rules, it is necessary that an analysis and resolution be made in order that the orderly processes of the Court in this District will be carried out.

An analysis of the proposed form reflects improprieties in two primary respects: (1) the form seeks to circumvent the intent and purpose of 11 U.S.C. § 554 and Rule 6007; and (2) it encourages the unauthorized practice of law as prohibited by UPL Opinion Nos. 58 and 65 approved by the Supreme Court of Virginia May 1, 1984, and August 28, 1984. *See Virginia*

*State Bar Professional Handbook,* page 107 and 116.[1]

**1.**    *UPL Opinion No. 58*

*Subject:* Agent of corporate debtor preparing proposed orders in bankruptcy proceeding.

*Inquiry:* In proceedings in the United States Bankruptcy Courts in Virginia, may an employee of a corporate debtor who is not an attorney prepare on behalf of the corporate debtor a proposed order to be entered in the bankruptcy proceeding?

*Opinion:* Preemption.  By virtue of the supremacy clause of the United States Constitution, a state may not regulate the practice of law before a federal tribunal if federal law prescribes the qualifications for practicing before the tribunal. *Sperry v. Florida,* 373 U.S. 379 (1963).  Therefore the Unauthorized Practice of Law Rules do not apply to practice before a tribunal "to the exent [sic] that the regulation of practice before such tribunal has been preempted by federal law."  Rules for Integration of Virginia State Bar, Part Six, Section IV, Paragraph 10, Rule 6.1–1, following UPC 1–1, as amended September 9, 1983, 225 Va. —— (1983).  It is therefore necessary first to determine whether federal law determines the extent to which nonlawyers may practice before the bankruptcy courts.

No provision of the Bankruptcy Code (11 U.S.C.) itself addresses the question of qualification to practice before the Bankruptcy Courts.  However, by Title 28, § 2075 of the United States Code, Congress delegated to the Supreme Court "the power to prescribe by general rules, the forms of process, writs, pleadings and motions, and the practice and procedure under title 11."  Pursuant to this delegation of authority the Court promulgated the Rules of Practice and Procedure in Bankruptcy, which became effective August 1, 1983.  Rule 9010 of the Bankruptcy Rules provides in pertinent part as follows:

Rule 9010.   Representation and Appearances; Powers of Attorney

(a) AUTHORITY TO ACT PERSONALLY OR BY ATTORNEY.  A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in his or its own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

Rule 9010, by providing that parties to a bankrupcty proceeding may "perform any act not constituting the practice of law" by agents, attorneys in fact, or proxies, itself recognizes that certain acts and functions constitute the practice of law and may not be performed by nonlawyers.  This reading is supported by the Advisory Committee Note to Rule 9010, which states that the rule "is substantially the same as former Bankruptcy Rule 910 and does not purport to change prior holdings prohibiting a corporation from appearing *pro se.* See *In Re*

The Congress of the United States enacting the United States Trustee Statutory

*Colinas Development Corp.,* 585 F.2d 7 (1st Cir. 1978)."

Finally, the committee has examined the local rules of the Bankruptcy Courts for the Eastern District and the Western District of Virginia and finds that the local rules prescribe qualifications for attorneys who practice before the court, but do not address the question to the extent, if any, to which nonlawyers may practice before the court.  Since neither Congress by statute nor the bankruptcy courts by rules have attempted to regulate the activities of nonlawyers in bankruptcy courts, state law is not preempted in this area.

Virginia Law.  UPC 1–3, 221 Va. 381 (1980) provides as follows:

A corporation (other than a duly registered law corporation) does not have the same right of appearance before a tribunal as an individual and may not be represented before a tribunal by its officers, employees or agents who are not duly authorized or licensed to practice law in Virginia.  A corporation can be represented only by a lawyer before a tribunal with respect to matters involving legal conclusions, examination of witnesses or preparation of briefs or pleadings.

A nonlawyer employee of a corporation may represent his employer before a tribunal, including bankruptcy court, so long as his activities before the tribunal are limited to the presentation of facts, figures or factual conclusions, as distinguished from legal conclusions.  He may not engage in activities involving the examination of witnesses, the preparation and filing of briefs or pleadings, or the presenting of legal conclusions.

In the opinion of the committee the preparing of proposed orders, like the preparation of pleadings, requires the exercise of legal skill and judgment.  The committee is therefore of the opinion that it would constitute the unauthorized practice of law for a nonlawyer employee of a corporation to prepare on behalf of the corporation proposed orders to be entered in proceedings in the bankruptcy courts in Virginia.

Approved by the Supreme Court of Virginia, May 1, 1984

Effective July 1, 1984.

*UPL Opinion No. 65*

**Appearance Before Bankruptcy Court by a Non-Lawyer**

It is not the unauthorized practice of law for non-lawyers to appear before a bankruptcy court and request the abandonment of vehicles.  The representation may not, however, present any legal argument on the abandonment of the vehicle nor can the non-lawyer prepare and submit an order or document to be signed by the bankruptcy judge or trustee.  [See Also UPL–OP. 58]

Committee Opinion

August 28, 1984

System, 28 U.S.C. § 581, *et seq.*, sought to remove the judge, so far as possible, from the administration of bankruptcy estates pending in this Court. In *Norton Bankruptcy Law and Practice, Bankruptcy Code* pamphlet edition, at page 54, (*See also* 4 Collier on Bankruptcy (15th Edition) § 554–02[4]) sets out legislative history reflected in the House Report (Reform Act of 1978) relating to the court's function in the following paragraph:

> If an objection to the proposed action is not made, then the trustee may proceed with the same authority as if he had obtained a court order authorizing the action. If an objection is made, the court will hear the dispute generated by the trustee's proposed action and the objection to it, and make the appropriate orders, either authorizing or prohibiting the trustee's proposed action. The United States trustee will exercise his supervisory role in part by consulting with trustees in advance of proposed action, and by raising an objection to the proposed action with the court when the action would be improper.

A simple reading of Section 554 and Rule 6007 makes it abundantly clear that the abandonment of property from the estate is an administrative function of the trustee in the first instance. This procedure simply entails, after notice, the filing under Rule 6007(a) a notice with the clerk of this Court of a proposed abandonment. In such event, the clerk simply receives and dockets as filed the notice of abandonment. Absent an objection within fifteen (15) days, the property will be abandoned. In which event, neither the court nor clerk is involved further in the administration of the abandoned property in question. No additional papers are to be filed or docketed and no court orders will be entered.

■ Rule 6007(b) provides that a party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property. Rule 6007(b) contemplates that a secured creditor or other party in interest has requested the trustee to voluntarily abandon property pursuant to 6007(a) and that the trustee, for such reason that the trustee deems appropriate, has declined to do so. The motion under 6007(b) necessarily takes on the posture of Bankruptcy Rule 9014, thereupon creating a contested matter requiring notice and opportunity for hearing, presentation of evidence and the invocation of adversarial proceedings Rules 7021, 7025, 7026, 7028–7031, 7041, 7042, 7052, 7054–7056, 7062, 7064, 7069 and 7071 set forth therein relating to discovery and other matters. An entity that is not an individual and not represented by counsel seeking relief under Rule 9014 constitutes the practice of law under the rules of the Supreme Court of Virginia.

■ *Norton Bankruptcy Law and Practice, Bankruptcy Rules* pamphlet edition, at page 354, sets out an analysis of Rule 6007 as following the approach under Rule 6006(b) where a party in interest seeks to compel a trustee to act to assume, reject or assign an executory contract or unexpired lease stating that such entity must follow the motion practice outlined under Rule 9014. Further, that a party in interest who seeks to compel a trustee or debtor in possession to abandon property must also do this by motion in order to obtain a court order directing such abandonment. A motion under Rule 9014 is subject to Unauthorized Practice of Law Rules.

Rule 6007(c) provides for a hearing upon the contested matter brought on pursuant to Bankruptcy Rule 9014. In that event where a timely objection is made pursuant to 6007(a) or a motion prescribed by Subdivision (b), the court shall set a hearing on notice to the entities as the court may direct. In Norton, *supra*, page 355, the treatise states as follows:

> Rule 6007 differs from former Rule 608 in that the Court may not, on its own initiative, direct or approve the abandonment of any property under the Code. *The Court is not charged with administrative duties and enters the picture only for judicial functions at a proper request of a party in interest.* Additionally, Rule 6007 is silent with respect to the principle expressed in former Rule

608 that the closing of an estate without administration of scheduled assets is tantamount to an approval of an abandonment. This point is now covered in Code § 554(c) (emphasis added).

A simple analysis of Bankruptcy Rule 6007(a), (b) and (c) reflects a system designed to implement 11 U.S.C. § 554 relating to the abandonment process. The provisions of the Rule clearly provide that subparagraph (b) and (c) do not come into play until an issue is joined between the trustee, a secured creditor or other entity or the debtor in possession where such trustee or debtor in possession has, for whatever reason, declined to administer the provision of Rule 6007(a) by voluntarily filing notice of proposed abandonment of property of the estate in which the parties may be interested. Once that issue is joined, the issue becomes a contested matter under Rule 9014 and the provisions of 6007(b)(c). Only then does the court become involved in the administrative process effecting abandonment of property.

A cursory review of the proposed form, which is designated "Motion by Secured Creditor for Abandonment of Property" reflects that the "Motion" is directed to the court after first circularizing the trustee's office, thereafter, theoretically coming before the court for hearing after notice and the entry of a court order by the judge. It contemplates a routine system of abandonment contrary to and in circumvention of 11 U.S.C. § 554 and Bankruptcy Rule 6007. It unnecessarily brings the court into the abandonment process in the administration of the case which responsibility the Congress clearly charged to the United States Trustee. It is noted that the system sought to be implemented by the form in question (designated as Form 11.1) not only unnecessarily brings the court into the process but creates a multitude of burdensome docketing and filing procedures upon the clerk creating undue work upon the already overburdened clerk's office of this Court which was sought to be avoided and never contemplated by Section 554 nor Rule 6007. Instead of simply filing the document of the trustee designated as "Notice of Abandonment under Rule 6007(a)," the clerk would be required to not only file and docket the motion, schedule a hearing, docket the order subsequently entered, serve notice of the entry of the order on all parties in interest and, thereby, required to perform a multitude of time-consuming duties which clearly Rule 6007 and Section 554 do not contemplate and seek to avoid.

In conclusion, the Court finds that the proposed form contravenes and circumvents 11 U.S.C. § 554 and Bankruptcy Rule 6007. In addition, to permit the circulation of the form to the large number of creditors, corporate and otherwise, inviting office managers, credit department managers and other employees to file motions seeking relief in this Court in a contested matter pursuant to Bankruptcy Rules 9010 and 9014 encourages what is clearly the unauthorized practice of law as defined by Opinion No. 58 approved by the Supreme Court of Virginia.

It is, accordingly,

### ORDERED

that the United States Trustee in this District forthwith cease and discontinue the use of said form.

APPENDIX

Form 11.1

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

IN RE:

Chapter 7
Case No.

## MOTION BY SECURED CREDITOR FOR ABANDONMENT OF PROPERTY

TO: _____, Trustee:

The undersigned secured creditor reports that at the time of the entry of the Order for Relief, the above Debtor's estate included the following property which is covered by a valid security interest:

Name and Address of Secured Creditor: _____

_____

Description of Property: _____

Estimated Value: $_____ Balance Due on Account: $_____

Wherefore, the undersigned secured creditor respectfully requests that the foregoing property be abandoned as property of the estate in accordance with 11 U.S.C. Section 554 and Bankruptcy Rule 6007.

NOTE: Evidence of security MUST be attached before the Trustee will act upon this application. This application is not in lieu of the filing of a proof of claim.

This is to certify that a true copy of the foregoing Motion to abandon property and consent by the trustee was mailed by the secured creditor to the Trustee, attorney for the debtor, debtor, and Assistant U. S. Trustee this _____ day of _____, 1987.

_____
Secured Creditor

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### TRUSTEE'S CONSENT TO ABANDONMENT OF PROPERTY

Upon consideration of the foregoing application and sufficient evidence of a valid security interest having been provided by the applicant, the undersigned Trustee consents to the abandonment of the above-described property as being of inconsequential value to the estate.

_____
Trustee

Absent any written objection by the Debtor, or any other party in interest, filed within fifteen (15) days from the date of the above certificate of mailing by the secured creditor, the proposed abandonment shall be deemed final pursuant to Section 554 of the Bankruptcy Code and Bankruptcy Rule 6007 without further proceedings or Order of the Court.

DATED: _____

_____
U. S. Bankruptcy Judge

This form is provided as an accomodation to the Secured Creditor; therefore, it will be the responsibility of the Secured Creditor to follow the instructions listed below.

1. The Motion must have evidence of security attached.

2. If the Motion is mailed, mail only one original Motion to the trustee. A stamped, self-addressed envelope must be provided for the Motion to be returned to you.

3. If the evidence of security and/or a stamped, self-addressed envelope is not provided, the trustee will not sign the consent or return it to you. The trustee will not sign or return any copies; only the original will be signed and returned to you.

4. Upon receiving the original Motion back from the trustee, it is your responsibility to properly serve and file the Motion as follows:

    (a) Sign and date the Motion.

    (b) Make four (4) copies of the Motion and evidence of security.

    (c) Mail a copy to the trustee, debtor(s), attorney for debtor(s), and the Assistant U. S. Trustee.

    (d) Mail the Original to the appropriate Bankruptcy Clerk's office.

The mailing address of the United States Trustee for the Western District of Virginia is as follows:

P.O. Box 2827
Roanoke, Virginia 24001

This abandonment does not give the creditor Relief from the Automatic Stay under § 362 of the Code. Creditors desiring such relief should contact their attorney.