**In re John W. GANTT and Laurie K. Gantt, Debtors.**

**Bankruptcy No. 3–88–02523.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 14, 1989.

DeWayne Smith, Troy, Ohio, for debtors.

J. Patrick Liddy, Piqua, Ohio, for Citizens Heritage Bank.

DECISION AND ORDER SUSTAINING DEBTORS' OBJECTION TO "NOTICE OF PROPOSED ABANDONMENT" FILED BY CITIZENS HERITAGE BANK

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon an objection of the debtors, John W. Gantt and

Laurie K. Gantt, to a "Notice of Proposed Abandonment" filed by Citizens Heritage Bank ("Citizens"). The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## FACTS

On August 23, 1988 a "Notice of Proposed Abandonment" was filed with the court by Citizens, a secured creditor of debtors. The notice, which is signed by Randall J. Sturwold, Assistant Vice-President, proposes that a 1979 Ford Mustang be abandoned on the ground that "the obligation owing to [Citizens] plus the debtor's exemption, if any, in the property is greater than its value and that same is burdensome or is of inconsequential value to the estate." (Doc. 4) The notice further provides that—

> [a]ny objection to this proposal of abandonment must be made in writing, contain a request for hearing and be filed with the Court and served upon the trustee, debtor and the party filing this notice, not later than twenty (20) days from the date of service set forth below or said property will be abandoned without further notice.

A certificate of service is also signed by Mr. Sturwold.

Debtors have objected to the notice of proposed abandonment on the ground that its filing constitutes the practice of law and neither Citizens nor its agent, Mr. Sturwold, is an attorney at law.

## CONCLUSIONS OF LAW

The relevant portion of the Bankruptcy Code, regarding abandonment of estate property, reads as follows:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burden-

some to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a) and (b).

Bankruptcy Rule 6007 implements section 554 of the Bankruptcy Code by setting forth the procedure to be followed with respect to abandonments:

> (a) *Notice of Proposed Abandonment or Disposition; Objections*
>
> (a) Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to all creditors, indenture trustees and committees appointed or elected pursuant to the Code. An objection may be filed and served by a party in interest within 15 days of the mailing of the notice, or within the time fixed by the court.
>
> (b) *Motion by Party in Interest.*
>
> A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate.
>
> (c) *Hearing.*
>
> If a timely objection is made as prescribed by subdivision (a) of this rule, or if a motion is made as prescribed by subdivision (b), the court shall set a hearing on notice to the entities as the court may direct.

"A simple reading of Section 554 and Rule 6007 makes it abundantly clear that the abandonment of property from the estate is an administrative function of the trustee in the first instance." *In re Preston,* 82 B.R. 28, 30 (Bankr.W.D.Va.1987). That is, the trustee simply files a notice of a proposed abandonment under Bankruptcy Rule 6007(a), and, if there is no objection filed within 15 days, the property is abandoned. "Thus under the Code a trustee may abandon property without involvement of the court if no party in interest objects to the action." *Matter of Trim–X, Inc.,* 695 F.2d 296, 300 (7th Cir.1982).

While section 554 of the Bankruptcy Code leaves no doubt that the only party with standing to actually abandon property of the estate is the trustee, it also permits an interested party to seek a court

order to compel the trustee to abandon property. *In re Wideman*, 84 B.R. 97, 99 (Bankr.W.D.Tex.1988). When a party in interest desires such an order, the Bankruptcy Rules provide that the proper procedure is to file and serve a *motion* requiring the trustee or debtor in possession to abandon property of the estate. Bankr.R. 6007(b). In the instant matter, Citizens has submitted a filing entitled "Notice of Proposed Abandonment." However, nothing in section 554 of the Bankruptcy Code or in Bankruptcy Rule 6007 permits a creditor to utilize the expedient of simply giving notice of a proposed abandonment; that method is reserved to the trustee or debtor in possession under Bankruptcy Rule 6007(a). Instead, Citizens, as a party in interest, must utilize the motion procedure of Bankruptcy Rule 6007(b). Therefore, Citizens' "Notice of Proposed Abandonment" is ineffective under Bankruptcy Rule 6007(a) to abandon property of the estate.

Local Bankruptcy Rule (LBR) 3.6 reads as follows:

### 3.6 ABANDONMENT OF PROPERTY OF THE ESTATE

(a) If an abandonment is proposed by the trustee or debtor, the trustee or debtor shall notify all creditors and parties in interest of the proposed abandonment. If an abandonment is proposed by a party other than the trustee or debtor, that party shall notify the trustee, the debtor, and all creditors and parties in interest of the proposed abandonment. In either event, the notice of proposed abandonment, containing a certificate of service indicating that all appropriate parties have been served, shall be filed. The Clerk shall provide to the party proposing abandonment a copy of the matrix or equivalent list of creditors and parties in interest in the case.

(b) Any party objecting to a proposed abandonment shall serve written objections on the party proposing abandonment and file a copy thereof, together with a certificate of service, within twenty (20) days of the service of notice of the proposed abandonment on the objecting party. The Court shall set a hearing upon the filing of any objection.

(c) If a party other than the trustee or debtor has proposed an abandonment and if no objection has been filed pursuant to LBR 3.6(b), that party shall prepare and submit to the trustee or debtor an abandonment for execution and delivery. If the trustee or debtor fails or refuses to execute and return the abandonment within ten (10) days following receipt thereof, the other party may file a motion with the Clerk to require the trustee or debtor to abandon the property, and shall serve a copy on the trustee or debtor. The Court shall set a hearing upon the filing of any such motion.

(d) A notice of proposed abandonment shall contain:

(1) a description of the property, and, if it is real property, its legal description and designated address, if the property has an address;

(2) a statement of the present fair market value of the property, or an explanation why the statement is unnecessary or unavailable;

(3) a statement of the pay-off amount on any encumbrances on the property as of the date of filing of the notice or motion, or an explanation why the statement is unnecessary or unavailable;

(4) copies of all documents by which any encumbrances against the property were created and perfected, or an explanation why the copies are unnecessary or unavailable;

(5) a statement that a written objection to the proposed abandonment, together with a request for hearing, must be filed with the Court and served on the trustee, debtor, and the party proposing abandonment, no later than twenty (20) days from the date of service of the notice, or the property will be abandoned without further notice.

Upon a comparison of LBR 3.6 with the provisions of Bankruptcy Rule 6007, it must be conceded that the local rule's reference to "notice of proposed abandonment" with regard to actions by the trustee

(or debtor), as well as by a "party other than the trustee or debtor," may have misled Citizens as to the fundamental nature of the proceeding it invoked by filing its notice of proposed abandonment. Local bankruptcy rules must be consistent with the Bankruptcy Rules (Bankr.R. 9029) and, therefore, when abandonment is sought by someone other than a trustee or debtor, it must be by motion. Bankr.R. 6007(b). LBR 3.6 is intended to set forth additional requirements concerning the parties to receive notice of abandonment procedures and the contents of that notice. It is not intended to override the provisions of Bankruptcy Rule 6007.

Although LBR 3.6 refers to a notice of proposed abandonment by a party in interest, the filing of a notice of proposed abandonment by such party is in substance the initial phase of a motion seeking to compel the trustee to abandon estate property. Where no objections are filed in response to the interested party's request for abandonment, LBR 3.6(c) permits the interested party to submit an abandonment to the trustee or debtor for execution and delivery. This procedure enables an abandonment to be accomplished without the necessity of holding an actual hearing and formally ordering the trustee to abandon. But the procedure is still part of the overall motion practice of Bankruptcy Rule 6007(b).

If, however, the trustee or debtor refuses to execute the abandonment, the interested party may file a "motion" to require the trustee to abandon. The necessity of a separate "motion" to require the trustee or debtor to abandon is merely a continuation of the entire motion practice under Bankruptcy Rule 6007(b), which was commenced under the local rules by the filing of the notice of proposed abandonment. In short, those provisions of LBR 3.6, which pertain to activities of a party other than the trustee or debtor, set forth this court's procedure for making a "motion" to abandon property under Bankruptcy Rule 6007(b).

However, treatment of Citizens' "Notice of Proposed Abandonment" as a motion brings the filing within the proscription of LBR 4.1(f), which provides that "[n]either corporations nor partnerships may appear *pro se*."[1] Therefore, even if Citizens' "Notice of Proposed Abandonment" is viewed as a motion under Bankruptcy Rule 6007(b), rather than a notice of proposed abandonment under Bankruptcy Rule 6007(a), it is still ineffective because it has not been submitted by an attorney at law.[2]

For the foregoing reasons, the court finds that the "Notice of Proposed Abandonment" filed by Citizens is not authorized to be filed by a creditor under Bankruptcy Rule 6007(a) and is ineffective as a motion under Bankruptcy Rule 6007(b) because a corporate creditor is not permitted to appear *pro se* under LBR 4.1(f). Therefore, it is ORDERED that the objection of the debtors to Citizen's "Notice of Proposed Abandonment" is SUSTAINED and the notice is hereby regarded as a nullity.

---

**1.** The local rule is consistent with the well established rule "that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir.1985). *See also Southwest Express Co., Inc. v. I.C.C.*, 670 F.2d 53, 56 (5th Cir.1982).

**2.** A motion under Bankruptcy Rule 6007(b) "commences a contested matter proceeding under Rule 9014 which is a judicial proceeding requiring a judicial order." *First Carolina Financial Corporation v. Trustee of Estate of Caron (In re Caron)*, 50 B.R. 27, 31 (Bankr.N.D.Ga. 1984). Because the instant matter is a case of first impression and there may be some uncertainty surrounding the application of LBR 3.6, the court will not refer this matter for an investigation regarding the unauthorized practice of law. Future violations of the prohibition against corporations appearing *pro se* in such cases, however, may result in such an investigation.