**In re Zafer ROBACK Carolyn Ann Roback d/b/a Miss Ann's Group Home Daycare, Debtors.**

**No. 01–32078.**

United States Bankruptcy Court, E.D. Tennessee.

Jan. 14, 2002.

Gentry, Tipton, Kizer & McLemore, P.C., Maurice K. Guinn, Esq., Danny P. Dyer, Esq., Knoxville, TN, for Sterling P. Owen, IV, Trustee.

Hodges, Doughty & Carson, PLLC, Keith L. Edmiston, Esq., Sharon Frankenberg, Esq., Knoxville, TN, Wilson & Associates, P.L.L.C., A. Danielle Litaker, Esq., Little Rock, AR, for Fremont Investment & Loan, Inc.

### MEMORANDUM ON MOTION FOR MODIFICATION OF ORDER OF RELIEF FROM AUTOMATIC STAY

RICHARD S. STAIR, Jr., Bankruptcy Judge.

This matter is before the court on the Motion for Modification of Order of Relief from Automatic Stay filed on December 18, 2001, by the Chapter 7 Trustee, Sterling P. Owen, IV. At issue is the Order of Relief from Automatic Stay entered by default in favor of Fremont Investment & Loan on June 25, 2001. Specifically, the Trustee asks the court to vacate a portion of the order. Oral argument was held on

January 10, 2002, and the court made its ruling from the bench on the same date. The court chooses to file the present Memorandum in lieu of the transcript of its bench opinion.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(O) (West 1993).

**I**

Fremont Investment & Loan is a creditor of the estate by virtue of a Deed of Trust and Adjustable Rate Note executed in its favor on November 27, 2000, by the Debtor Zafer Roback. The Deed of Trust encumbers real property located at 2819 Wimpole Avenue in Knoxville, Tennessee.

On June 6, 2001, Fremont Investment & Loan filed a document entitled "Motion for Relief from the Automatic Stay Provisions of the Bankruptcy Code" requesting modification of the automatic stay to permit it to foreclose its lien on the Wimpole Avenue property. As no objection was filed by the Trustee or Debtor within the eleven days required by E.D. Tenn. LBR 4001–1(b), counsel for Fremont Investment & Loan, as required by the Local Rule, prepared and tendered to the court an order entitled "Order of Relief from Automatic Stay." This order was signed by the court and entered on June 25, 2001. The Order for Relief from Automatic Stay provides in material part:

> It appearing to the Court from the entire record that there is no opposition to the granting of relief from the Automatic Stay with respect to the real property known as 2819 Wimpole Avenue ... that the Trustee has abandoned or does abandon his interest in said real property; ... that the automatic stay heretofore entered is modified to the extent necessary to allow Fremont Investment & Loan[ ] to foreclose its deed of trust on the real property ...; and further, that [Bankruptcy] Rule

4001(a)(3) is not applicable and Fremont Investment & Loan may immediately enforce and implement this order granting relief from the automatic stay[.]

Presently at issue is that part of the order stating that "the Trustee has abandoned or does abandon his interest in said real property[.]" The Trustee argues that the order could not properly address the issue of abandonment because Fremont Investment & Loan did not follow the procedural requirements of the Bankruptcy Code and Rules. *See* 11 U.S.C.A. § 554(b) (West 1993) ("On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate ...."); Fed. R. Bankr. P. 6007(b) ("A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate."); *see also In re Gantt*, 98 B.R. 770, 772 (Bankr.S.D.Ohio 1989) (Correct procedure is to file and serve a motion.). Such notice is generally required to all creditors and the United States Trustee. *See* 10 King, Collier on Bankruptcy ¶ 6007.02[2][b], at 6007–7 (15th ed. rev.2001). While conceding that it did not follow proper procedure, Fremont Investment & Loan argues that its abandonment request should have been obvious within the automatic stay motion and that, pursuant to the June 25, 2001 order, the property has been abandoned and is no longer an asset of the estate.

The present motion is brought pursuant to Fed. R. Civ. P. 60(b)(1) and Fed. R. Bankr. P. 9024, which permit relief from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Trustee's argument is one of legal error. In the Sixth Circuit, such claims fit within the Rule 60(b)(1) category of mistake. *See Pierce v. United Mine Workers of America Welfare & Re-*

*tirement Fund for 1950 & 1974,* 770 F.2d 449, 451 (6th Cir.1985).

■ The Trustee's Motion for Modification of Order of Relief from Automatic Stay must be denied as untimely. "A 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Pierce,* 770 F.2d at 451. Nearly six months passed between the entry of the automatic stay order and the filing of the motion for modification, well exceeding the ten-day appeal deadline set by FED. R. BANKR. P. 8002(a).

■ But that is not the end of the matter as the court must determine the effect of its automatic stay order in light of the patent ambiguities contained therein. That document, entitled "Order of Relief from Automatic Stay," granted Fremont Investment & Loan's motion entitled "Motion for Relief from the Automatic Stay Provisions of the Bankruptcy Code." The order noted the lack of opposition "to the granting of relief from the Automatic Stay" and authorized "that the automatic stay heretofore entered is modified to the extent necessary to allow Fremont . . . to foreclose its deed of trust . . . ." The order expressly provided that the FED. R. BANKR. P. 4001(a)(3) ten-day stay affecting automatic stay orders was not applicable and concluded by characterizing itself as an "order granting relief from the automatic stay[.]"

In contrast, the order references abandonment only in stating that "[i]t appear[s] to the Court . . . that the Trustee has abandoned or does abandon his interest in said real property . . . ." Nowhere within the order is the Trustee's abandonment expressly ordered or required. Abandonment is not mentioned elsewhere in the order nor does Fremont Investment & Loan in its motion for stay relief discuss or pray for abandonment of the Wimpole Avenue property.

■ As noted, the order in question was drafted by Fremont Investment & Loan's counsel. Documents "should be construed most strongly against the drafter." *United States v. Seckinger,* 397 U.S. 203, 90 S.Ct. 880, 884, 25 L.Ed.2d 224 (1970). When construing a writing, courts should look to the meaning of the language used therein. *See Hunt v. Triplex Safety Glass Co.,* 60 F.2d 92, 93–94 (6th Cir.1932). Courts may reject words as surplusage if inadvertently inserted or if "repugnant" to the rest of the document. *See Chickasaw Nation v. United States,* 534 U.S. 84, ——, 122 S.Ct. 528, 535, 151 L.Ed.2d 474 (2001).

After careful review, the court is persuaded that the Order of Relief from Automatic Stay does not have the effect of ordering the Trustee to abandon his interest in the Wimpole Avenue property. The Bankruptcy Code provides, under § 554(a), for voluntary abandonment by a trustee after notice and hearing. The Code also provides, under § 554(b), for abandonment by court order following the request of a party in interest, notice, and a hearing. Conversely, abandonment is not brought about merely by an ambiguous notation that "the Trustee has abandoned or does abandon his interest in said real property[.]" *See* COLLIER ¶ 6007.02[1][c], at 6007–6 (Informal abandonment is disfavored.).

Fremont Investment & Loan's attorney is an experienced bankruptcy practitioner presumably aware of the proper procedure for seeking abandonment. That procedure was not followed in this bankruptcy case. The court will not allow Fremont Investment & Loan to now benefit from the ambiguous language of an order prepared by Fremont's counsel. Counsel is admonished that future orders submitted to the court pursuant to E.D. Tenn. LBR 4001–1(b), or in any other instance, should not be used as a tool to obtain relief not requested in the original motion or pleading.

The court relies on counsel to tender orders and judgments appropriate to the relief requested. Rule 9011 of the Federal Rules of Bankruptcy Procedure demands no less.

In summary, the language in the June 25, 2001 Order of Relief from Automatic Stay that "the Trustee has abandoned or does abandon his interest in [the Wimpole Avenue] property" is mere surplusage. The property, notwithstanding modification of the automatic stay, remains property of the estate.

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum opinion dictated from the bench on January 10, 2002, containing findings of fact and conclusions of law as required by FED. R. CIV. P. 52(a), the court directs that the Motion for Modification of Order of Relief from Automatic Stay filed December 18, 2001, by Sterling P. Owen, IV, seeking relief from certain provisions of the June 25, 2001 Order of Relief from Automatic Stay entered in favor of Fremont Investment & Loan, is DENIED.

Notwithstanding that the Trustee's Motion for Modification of Order of Relief from Automatic Stay has been denied, the court further directs that the language the Trustee sought to remove from the June 25, 2001 Order of Relief from Automatic Stay, "that the Trustee has abandoned or does abandon his interest in said real property," is mere surplusage. The 2819 Wimpole Avenue, Knoxville, Tennessee property, which was the subject of the order, has not been abandoned by the Trustee and remains property of the estate.

**SO ORDERED.**